IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WAYNE CHARLES HOGG**                                                                    **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:13-cv-473-KS-MTP**

**TRAVIS BREWER**                                                                         **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's Order [81]. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

Plaintiff originally filed a complaint alleging violations of his civil rights while he was incarcerated in the South Mississippi Correctional Institution ("SMCI").[1] On August 21, 2012, the Court granted Defendants' Motions for Summary Judgment [50] [53] and dismissed with prejudice all Defendants except Travis Brewer. *See* Order [73]; Judgment [74]; Order [75]. Brewer was personally served with process on June 5, 2012, but he did not answer the complaint or join the other Defendants' Motions for Summary Judgment. *See* Return [65].

Because Plaintiff failed to take any action relating to Defendant Brewer following the dismissal of the other Defendants, on November 22, 2013, the Court entered a Show Cause Order requiring Plaintiff to file a written response by no later than December 2, 2013, explaining why his case should not be dismissed for failure to prosecute. *See* Order [81]. The Court warned

---

[1] Defendants included Dr. Ron Woodall, Mississippi Department of Corrections, April Meggs, Mark Denmart, Ronald King, Travis Brewer, Christopher Epps, Officer Montel, Lt. Ross, Captain Reid, SMCI, Officer Mould, Mark Hattion, Johnnie Denmark, Joy Ross, and Regina Reed.

1

Plaintiff that his failure to respond to the Order may result in dismissal of his lawsuit without prejudice and without further notice. *Id.* Plaintiff did not file a written response as ordered. In fact, Plaintiff has taken no action in this case since January 18, 2013.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases" *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

With its clear record of delay, this case may properly be dismissed under rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

### RECOMMENDATION

As Plaintiff has failed in his obligations to prosecute this case and to comply with the Court's order, the undersigned recommends that any claims remaining in this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED this the 8th day of January, 2014.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge